*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00743-CR

Juan Carlos **FRAIRE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-3320
Honorable Mary Román, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
        Sandee Bryan Marion, Justice
        Phylis J. Speedlin, Justice

Delivered and Filed:   June 10, 2009

AFFIRMED

The trial court found defendant, Juan Carlos Fraire, guilty of robbery and assessed punishment at ten years' community supervision and a $1,500 fine.  In two issues on appeal, defendant asserts the evidence is legally and factually insufficient to support the judgment.  We affirm.

# DISCUSSION

On appeal, defendant contends the evidence is insufficient because the complainant, Ismael Gaytan, never stated that defendant was the person who struck him and because Gaytan could not remember if defendant asked him for any money. We review the sufficiency of the evidence under the appropriate standards of review. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (legal sufficiency); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (factual sufficiency); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

Gaytan testified he had just left a store, where he bought beer, when at least three men suddenly came up to him and started "punching at" him. When asked if any of the men said anything to him, Gaytan replied that he "was really drunk," "really intoxicated," and the "night it was like really vague." He also admitted to "seeing double vision," being "all dazed out," and being "pretty messed up." However, Gaytan specifically remembered defendant as one of the men who approached him and he said defendant wore a black sweater with the hood up. After Gaytan refreshed his memory by reading the statement he gave to police on the evening of the incident, he testified defendant said something about his gang. Gaytan at first thought the confrontation ensued because he was wearing blue and he "figured they thought I was a rival [gang member] or something." Gaytan said he told the men he wanted no trouble and he "just wanted to get out of there," but the men asked if he had any money and they started to beat him when he said he had none. Gaytan could not remember which of the men asked him for money, stating "the more I think about it, man, it could have been this guy. It could have been another guy. I don't know. I really

don't remember that much." However, Gaytan said he "distinctly" remembered seeing defendant and another man. The beating stopped when "Superstar," whom Gaytan described as "some crackhead from the neighborhood," intervened. Superstar asked Gaytan where the beer was, neither man could find it, and Superstar helped Gaytan home. On the way to Gaytan's home, he "stumbled onto some officers" and told them he had been "jumped" and "got [his] ass kicked." The police officers put Gaytan in their patrol car and drove him a short distance to where two men had been detained "in a robbery of an individual call." Gaytan identified the men, one of whom was the defendant, as the ones who beat him. San Antonio Police Detective Pruitt testified he was at the scene when Gaytan identified the two men. Detective Pruitt told Gaytan not to identify anyone based on their clothing, but instead to look only at their face. Detective Pruitt said Gaytan told him that defendant initiated the robbery.

Under both a legal and factual sufficiency review, the trier of fact is the exclusive judge of the witnesses' credibility and the weight to give their testimony. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Gaytan was not the ideal witness; however, the trial court, as the trier of fact, was the exclusive judge of the weight to give Gaytan's testimony. Gaytan positively identified defendant as one of the men who beat him and Detective Pruitt, who spoke with Gaytan on the evening of the robbery, testified that Gaytan identified defendant as the one who initiated the robbery. On this record, we cannot conclude no rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt or that the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Dewberry*, 4 S.W.3d at 740; *Clewis*, 922 S.W.2d at 129.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

DO NOT PUBLISH